UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------
UNITED STATES OF AMERICA,

           Ind. # 23-398 (ES)

   v.

           NOTICE OF MOTION TO
           DISMISS THE INDICTMENT

ERIC LEYKIN,
     Defendant.
-------------------------------------------------

TO: Andrew Mark Trombly
   Assistant U.S. Attorney
   United States Attorney's Office
   970 Broad Street Newark, NJ 07102

   PLEASE TAKE NOTICE, that on all prior papers and proceedings herein and the annexed brief, defendant will move this Court, at a time and place to be set by the Court, for an order dismissing the indictment pursuant to the Federal Rules of Criminal Procedure §§ 12(b)(3)(B)(v), 12(b)(3)(A)(i).

               Respectfully,

               /s/ Albert Y. Dayan
               Albert Y. Dayan, Esq.
               Attorney for Defendant
               80-02 Kew Gardens Rd., #902
               Kew Gardens, N.Y. 11415
               (718)268-9400

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------
UNITED STATES OF AMERICA,

                                         Ind. # 23-398 (ES)

    v.

ERIC LEYKIN.
            Defendant.

-------------------------------------------------

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT PURSUANT TO FED. R. CRIM. P. 12(b)(3)(B)(v), (12)(b)(3)(A)(i); FAILURE TO STATE AN OFFENSE; IMPROPER VENUE

ALBERT Y. DAYAN
Attorney for Defendant
80-02 Kew Gardens Rd., # 902
Kew Gardens, N.Y. 11415
(718)268-9400

TABLE OF AUTHORITIES

<u>Federal Cases</u> — Page

*Carpenter v. United States*, 484 U.S. 19, 27 (1987) .......... 4

*Griffin v. United States*, 502 U.S. 46 (1991) .......... 2

*Hammerschmidt v. U.S.*, 265 U.S. 182 (1924) .......... 4, 5

*Kann v. United States*, 323 U.S. 88 (1944) .......... 6

*McNally v. United States*, 483 U.S. 350 1987) .......... 4, 5

*United States v. Beall*, 126 F. Supp. 363 (N.D.Cal. 1954) .......... 7

*United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181 (2d Cir. 1989) .......... 8

*United States v. Brown*, 583 F.2d 659 (3d. Cir. 1978) .......... 6, 7

*United States v. Goldberg*, 830 F.2d 459 (3d Cir. 1987) .......... 8

*United States v. Hedaithy*, 392 F.3d 580 (3d Cir. 2004) .......... 2

*United States v. Jefferson*, 674 F.3d 332 (4th Cir. 2012) .......... 8

*United States v. Jones*, 471 F.3d 478 (3d Cir. 2006) .......... 5

*United States v. Maze*, 414 U.S. 395 (1974) .......... 6

*United States v. Porat*, No. 22-1560 (3d Cir. Aug. 7, 2023) .......... 5

*United States v. Ramirez*, 420 F.3d 134 (2d Cir. 2005) .......... 8

*United States v. Regent Office Supply Co.*, 790 F.2d 466 (2d Cir. 970) .......... 5

*United States v. Rutigliano*, 790 F.3d 389 (2d Cir. 2015) .......... 8

*United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016) .......... 5

*United States v. Tarnopol*, 561 F.2d 466 (3d Cir. 1977) .............................. 2, 6. 7 8

*United States v. DeSantis*, 134 F.3d 764 (6th Cir. 1998). ........................................ 5

*United States v. Frost*, 127 F.3d 346, 354 (6th Cir. 1997) ...................................... 5

State Cases

*State v. Zambreski*, 445 N.J. Super. 412 (App. Div. 2016) .......................................... 1

Federal Statutes

18 U.S.C. § 1341............................................................................... 2

18 U.S.C. § 1343................................................................. 1, 2, 3, 6

State Statutes

N.J.S.A. 2C:18-2................................................................................ 1

N.J.S.A. 2C:20-3.. ............................................................................. 1

## TABLE OF CONTENTS

|  | page |
|---|---|
| INTRODUCTION | 1 |
| WIRE FRAUD STATUTE | 2 |
| THE INDICTMENT'S ALLEGATIONS OF FACT | 3 |
|     The Purported Scheme to Defraud | 3 |
|     The Wire Transmission | 4 |
| ARGUMENT | 4 |
|     There was No Scheme to Defraud | 4 |
|     The Wire Transmission was Not In Furtherance of the Scheme to Defraud | 6 |
|     Improper Venue | 8 |
| CONCLUSION | 8 |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------

UNITED STATES OF AMERICA,

                v.

ERIC LEYKIN.
                Defendant.

Ind. # 23-398 (ES)

INTRODUCTION

Defendant is charged in a single count indictment with a violation of the wire fraud statute, 18 U.S.C. § 1343. As a reading of the factually detailed indictment * shows, however, the facts alleged therein spell out only New Jersey state crimes, namely burglary and non-deceptive theft of property.** It is only through the Prosecution's dubious claims that defendant engaged in a "scheme to defraud" and caused an interstate wire communication to "further" such scheme that the government endeavors to make these state crimes prosecutable as a federal offense.

----------------------------

\*      The indictment is attached as Exhibit A.

\*\*    N.J.S.A. 2C:18-2 - Burglary a. Burglary defined. A person is guilty of burglary if, with purpose to commit an offense therein or thereon he: (1) Enters a ... structure; (2) surreptitiously remains in a ... structure knowing that he is not licensed or privileged to do so. a defendant commits burglary, N.J.S.A. 2C:18-2, if he gains access to his victim's premises by deception for the purpose of committing a crime. *State v. Zambreski*, 445 N.J. Super. 412 (App. Div. 2016).

        N.J.S.A. 2C:20-3 - Theft by unlawful taking ... a. Movable property. A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof.

But, as discussed below, even if it were to be assumed, *arguendo*, that defendant had engaged in a "scheme to defraud," as a violation of the wire fraud statute requires, the specified wire communication did not "further" that scheme.

## WIRE FRAUD STATUTE

Wire fraud - 18 U.S.C. § 1343 - punishes:

> Whoever, having devised or intending to devise any scheme or artifice to defraud or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire ... communication in interstate ... commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

To sufficiently charge wire fraud an indictment must allege (1) the defendant's knowing and wilful participation in a scheme or artifice to defraud, (2) with the specific intent to defraud, and (3) the use of interstate wire communications in furtherance of the scheme." *United States v. Hedaithy*, 392 F.3d 580, 590 (3d Cir. 2004). "[T]he gist of the crime is the use of [wire transmissions] for the purpose of executing a scheme to defraud." *United States v. Tarnopol,* 561F2d 466, 475 (3d Cir. 1977), abrogated on other grounds by *Griffin v. United States*, 502 U.S. 46 (1991). *

It is defendant's position that the facts alleged in the indictment, accepted as true, fail to establish that there was either a "scheme to defraud" or the use of a wire communication to "further" or execute such a scheme.

---

\*   The wire fraud statute, 18 U.S.C. § 1343, is virtually identical to the mail fraud statute, except that it concerns "communications transmitted by wire." See 18 U.S.C. §§ 1341, 1343. Thus, cases construing the mail fraud statute are equally applicable to the wire fraud statute. *United States v. Tarnopol supra at 475.*

2

## THE INDICTMENT'S ALLEGATIONS OF FACT

### The Purported Scheme to Defraud

In support of the charged violation of § 1343 the indictment alleges that defendant devised a scheme to defraud; i.e. to "gain [] access to [the victim's] private premises under false pretences and (2) fraudulently obtaining property from Victim-1, including devices and equipment owned by Victim-1, in order to steal, damage, and destroy it."

The factual allegations as to the acts committed by defendant are that on June 30 2022, defendant purchased a prepaid mobile phone and prepaid minutes. Shortly thereafter, using that prepaid phone and minutes, defendant called an employee of the victim business competitor and falsely representing himself to be an employee of the technical services company that serviced the victim's laboratory equipment, made an appointment to visit the victim's premises on July 1, 2022, purportedly to service victim's laboratory equipment.

During the alleged phone call Defendant, falsely representing himself to be an employee of the technical services company that serviced the victim's laboratory equipment, made an appointment to visit the victim's premises on July 1, 2022 purportedly to service victim's laboratory equipment.

The following day, again using the prepaid phone, defendant, again falsely claiming to be an employee of the servicing company, advised the victim's employee that he would arrive for the scheduled appointment later that afternoon.

3

Later that day, defendant, falsely posing as an employee of the service company, arrived at the victim's premises for the scheduled appointment. The victim's employees, unaware of defendant's true intent to "temper," "remove and "destroy" , allowed defendant to enter the premises and granted defendant access to the victim's office space, equipment and devices.

Under the ruse of performing service on the victim's equipment, defendant caused significant damage to the victim's laboratory, computer, surveillance and other equipment.

The Wire Transmission

The wire transmission that purportedly brings defendants acts within the federal sphere was, according to the indictment, "a signal sent from New Jersey to a [business] premises in Florida to activate the Prepaid Device and redeem the Prepaid Minutes."

ARGUMENT

There was No Scheme to Defraud

The statutory provision dealing with wire fraud, 18 U.S.C. 1343, encompasses "any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises." *Carpenter v. United States*, 484 U.S. 19, 27 (1987). The term "to defraud" in this context has the "common understanding" of "wronging one in his property rights by dishonest methods or schemes and usually signif[ies] the deprivation of something of value by trick, deceit, chicane or overreaching." *McNally v. United States,* 483 U.S. 350, 358 1987), quoting *Hammerschmidt v. U.S.*, 265 U.S. 182, 188 (1924).

4

The Supreme Court has made it clear that the statute does not criminalize all acts of dishonesty that are facilitated by wire transmission. Rather, "[t]he wire fraud statute . . prohibits *only deceptive 'schemes* to deprive [the victim of] money or property." *McNally* at 358 (emphasis added); *United States v. Takhalov*, 827 F.3d 1307, 1310 (11th Cir. 2016) (the federal wire fraud statute "forbids only schemes to *defraud*, not schemes to do other wicked things".)

Here, it is true that the factual allegations of the indictment plainly spell out that defendant has committed acts of criminality – the alleged burglary and theft not accomplished by deception. But, burglary is not fraud nor is theft not accomplished by deception in the category of fraud. *Hammerschmidt* at 188; *United States v. Jones*, 471 F.3d 478, 481 (3d Cir. 2006). And, while deception - misrepresentation of his identity - was employed by defendant to gain access to the victim's premises, no deception, no "false or fraudulent pretenses, representations, or promises" were employed by defendant "to deprive another of money or property."

In sum, what is alleged in the indictment is that defendant used misrepresentation to gain access to the victim's premises - burglary - in order to commit a separate, non-deceptive, non-fraudulent crime - physically destroying and/or taking and carrying away another's property. That is not a scheme to defraud.

5

The Wire Transmission was Not In
Furtherance of the Scheme to Defraud

Defendant urges that the single wire transmission referenced in the indictment is too remote from the purported fraudulent scheme attributed to him to be regarded as "for the purpose of executing" that scheme, and, that the said transmission played no part in bringing the alleged fraudulent scheme to fruition.

It is clear that "[t]he federal [wire fraud] statute does not purport to reach all frauds, but only those limited instances in which the use of the [wire transmission] is a part of the execution of the fraud, leaving all other cases to be dealt with by appropriate state law." *Kann v. United States*, 323 U.S. 88, 95 *(1944)*. The wire fraud statute prohibits the use of wire transmissions "for the purpose of executing" a scheme to defraud. 18 U.S.C. 1343. Whether a [transmission] is "for the purpose of executing a scheme" within the meaning of § [1343] depends upon whether it is "sufficiently closely related to [defendant's] scheme to bring his conduct within the statute." *United States v. Maze*, 414 U.S. 395, 399 (1974). That is, the completion of the scheme must depend in some way on the [wire transmission] charged. *United States v. Brown*, 583 F.2d 659, 664 (3d. Cir. 1978); *United States v. Tarnopol,* supra at 472.

In *United States v. Tarnopol,* supra, the Third Circuit Court of Appeals surveyed the above guidelines for determining whether a particular wire transmission was to be deemed "for the purpose of executing" a scheme to defraud and made rulings that are of consequence to the within motion. The *Tarnopol* Court noted that [wire transmissions]

6

"taking place after the object of the scheme has been accomplished ... **or before its accomplishment has begun** ... are not sufficiently closely related to the scheme to support a [wire] fraud prosecution." Id. at 472 (emphasis added.) And, the Court held that the transmissions under consideration in *Tarnopol,* i.e., "routine [wire transmissions], themselves intrinsically innocent, which are regularly employed to carry out a necessary or convenient procedure of a legitimate business enterprise," *which were transmitted before the execution of the scheme had begun,* were not "sufficiently closely related to the scheme to support a [wire] fraud prosecution." Id. at 472.

The allegations of the indictment in this case are not materially distinguishable from those found to be insufficient in *Tarnopol* and should be found insufficient as well.

The supposed scheme to defraud, as alleged in the indictment, was for defendant to gain entrance to the victim's premises by false pretenses and steal and/or destroy the victims property. Assuming, *arguendo,* that that is a scheme to defraud, obviously, the earliest the execution of that scheme could possibly be claimed to have begun was when defendant, by cell phone, misrepresented his identity and made an appointment to gain entrance to the victim's premises. Clearly then the wire sent to activate that cell phone took place *before* the commencement of the execution of scheme, not in furtherance thereof. *United States v. Tarnopol,* supra; *United States v. Brown,* supra; *United States v. Beall,* 126 F. Supp. 363 (N.D.Cal. 1954)

Moreover, the transmission itself was not only prior to any fraudulent conduct as in *Tarnopol*, it was, as in *Tarnopol*, intrinsically innocent, devoid of any false or fraudulent representations, and was employed only to carry out a routine, necessary procedure of a legitimate business enterprise. It was completely unrelated to the fraudulent scheme, did not trigger it and completion of the scheme did not depend on it in any way. At most it was merely "preparatory to the offense" - not a part of the offense. See *U.S. v. Ramirez*, 420 F.3d 134, 143 (2d Cir. 2005).

Accordingly, the wire transmission was not in furtherance of the alleged scheme to defraud and the wire fraud charge should be dismissed.

Improper Venue

It is generally true that venue for wire fraud "lies where a wire in furtherance of a scheme begins its course, continues or ends," *United States v. Rutigliano*, 790 F.3d 389, 397 (2d Cir. 2015; *United states v. Jefferson*, 674 F.3d 332 (4th Cir. 2012); *United States v. Goldberg, 830 F.2d* 459, 465 (3d Cir. 1987). But, it is equally true that acts which are merely "preparatory" to the underlying offense and its essential conduct, as here, do not provide a basis for venue. *See United States v. Ramirez*, 420 F.3d 134, 141 (2d Cir. 2005) (venue is not proper in a district in which the only acts performed by the defendant were preparatory to the offense and not part of the offense.); *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1190 (2d Cir. 1989) (holding that telephone calls that were "merely prior and preparatory to [the] offense" did not establish venue).

8

Here, the wire transmission sent from New Jersey to activate the cell phone occurred prior to the charged offense and in preparation for it. For these reasons, venue was not properly laid in this district.

CONCLUSION

The indictment should be dismissed.

Respectfully submitted,

/s/ Albert Y. Dayan
Albert Y. Dayan, Esq.
Attorney for Defendant