# Exhibit A

2022R00606/AMT

RECEIVED
MAY 2 4 2023
AT 8:30 12:54 PM  M
CLERK, U.S. DISTRICT COURT - DNJ

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas |
| v. | : | Crim. No. 23-398 (ES) |
| ERIC LEYKIN | : | 18 U.S.C. § 1343 |

### I N D I C T M E N T

The grand jury in and for the District of New Jersey, sitting at Newark, charges:

### Background

1. At various times relevant to this Indictment:

    a. The defendant, ERIC LEYKIN ("LEYKIN"), resided in Brooklyn, New York. LEYKIN was the CEO of "Business 1," a clinical reference laboratory headquartered in Kenilworth, New Jersey.

    b. The victim business, "Victim 1," was a clinical reference laboratory headquartered in Millburn, New Jersey. Victim 1 was a competitor of Business-1.

    c. "Network 1" was a major U.S. cellular service provider.

    d. "Business 2" was a prepaid mobile device business. Business 2 sold both prepaid mobile devices and prepaid cellular minutes for use on those devices. Business 2 was owned by Network 1 and used Network 1's cellular network and infrastructure to conduct its operations.

    e. "Retailer-1" was a major U.S. retail company.

  f. "Vendor-1" was a technical services firm that Victim-1 used to service its laboratory equipment.

### The Scheme to Defraud

2. From at least as early as in or about June 2022 through in or about July 2022, in the District of New Jersey and elsewhere, the defendant,

**ERIC LEYKIN,**

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud others, including Victim-1, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### Goal of the Scheme to Defraud

3. The goal of the scheme to defraud was for LEYKIN to benefit himself by (1) gaining access to Victim-1's private premises under fraudulent pretenses and (2) fraudulently obtaining property from Victim-1, including devices and equipment owned by Victim-1, in order to steal, damage, and destroy it.

### Manner and Means of the Scheme to Defraud

4. It was part of the scheme that:

  a. On or about June 30, 2022, LEYKIN visited a Retailer-1 location in Union, New Jersey, and purchased (1) a prepaid Business-2 mobile device (the "Prepaid Device") and (2) prepaid Business-2 cellular minutes (the "Prepaid Device Minutes"). 

2

b. Shortly after these purchases, LEYKIN, through the Business-2 website, knowingly and intentionally caused the Prepaid Device to be activated and the Prepaid Device Minutes to be redeemed for use on the Prepaid Device.

c. Shortly after activating the Prepaid Device and redeeming the Prepaid Device Minutes, LEYKIN used the Prepaid Device to call a Victim-1 employee. During that call, LEYKIN falsely and fraudulently claimed to be a Vendor-1 employee and scheduled an appointment to visit Victim-1's premises on the following afternoon, purportedly to service Victim-1's laboratory equipment.

d. On or about the next day, July 1, 2022, LEYKIN called the same Victim-1 employee using the Prepaid Device. LEYKIN again falsely and fraudulently claimed to be a Vendor-1 employee and informed the Victim-1 employee that he would arrive for the scheduled appointment later that afternoon.

e. Later on or about July 1, 2022, LEYKIN, falsely and fraudulently posing as a Vendor-1 employee, arrived at Victim-1's premises for the scheduled appointment. Victim-1 employees, unaware of LEYKIN's scheme, allowed LEYKIN to enter the premises and granted LEYKIN access to Victim-1 office space, equipment, and devices.

f. In fact, however, LEYKIN—under the ruse of performing service on Victim-1's equipment as a Vendor-1 employee—proceeded to cause

significant damage to Victim-1's laboratory, computer, surveillance, and other equipment, and to steal some of that equipment from Victim-1's premises, including:

    i. Unplugging a backup generator in the rear of Victim-1's premises;

    ii. Removing around at least four hard drives from Victim-1's servers, which were connected to a Victim-1 system that stored patient personally identifying information;

    iii. Removing the hard drives of around at least three other computers, rendering those computers inoperable;

    iv. Tampering and cutting other wiring inside Victim-1's building, including wiring connected to Victim-1's surveillance system; and

    v. Inflicting significant damage on other Victim-1 laboratory equipment.

5. On or about June 30, 2022, in the District of New Jersey and elsewhere, the defendant,

**ERIC LEYKIN,**

for the purpose of executing the scheme described above, did knowingly and intentionally transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds, namely a signal sent from New Jersey to a Business-2

premises in Florida to activate the Prepaid Device and redeem the Prepaid Device Minutes.

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

1. The allegations in this Indictment are incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

2. Upon conviction of the offense charged in this Indictment, the defendant,

**ERIC LEYKIN,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, the defendant obtained that constitutes or is derived from proceeds traceable to the commission of the said offense, and all property traceable thereto.

### Substitute Assets Provision

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

A True Bill,

Foreperson

*Philip R. Sellinger*
PHILIP R. SELLINGER
UNITED STATES ATTORNEY

CASE NUMBER: 23-398 (ES)

# United States District Court
## District of New Jersey

UNITED STATES OF AMERICA

v.

ERIC LEYKIN

## INDICTMENT FOR

18 U.S.C. § 1343

A True Bill,



Foreperson

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

ANDREW M. TROMBLY
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2847